UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CHARLES TAYLOR,
   Plaintiff,

vs.                                                        No. 06-1011

ROGER WALKER , et al.,
   Defendants.

## ORDER

This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A. The plaintiff participated in the hearing by video conference.

The plaintiff, Charles Taylor, filed his complaint pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at the Hill Correctional Center. The plaintiff has named four defendants including Illinois Department of Corrections Directors Roger Walker, Warden Frank Shaw, Nursing Director Mitzi Harmon and Officer K. Stegal.

The plaintiff claims that the defendants violated his Eighth Amendment rights when they were deliberately indifferent to his health and safety. The plaintiff says he is housed in a cell near a break room. The plaintiff says other inmates sit by his cell and smoke several times during the day. The plaintiff says he is continuously exposed to second-hand smoke. The plaintiff says he suffers from headaches, shortness of breath and coughing. He has repeatedly complained about the problem, but no action has been taken. The plaintiff has adequately alleged a violation of his Eighth Amendment rights.

The plaintiff clarified his second claim during the hearing. The plaintiff says when he attempted to send a memo to the warden about the second-hand smoke, Officer Stegal read the memos. He warned the plaintiff that if he tried to file a lawsuit, he would make his life difficult. The plaintiff says shortly afterward, he was fired from his prison job. The plaintiff has adequately alleged a retaliation claim against Defendant Stegal in violation of plaintiff's First Amendment rights.

The plaintiff's complaint states that his claims are against the defendants in both their individual and official capacities. However, the plaintiff has failed to state any official capacity claims. Suits against state officers in their "official capacity" are suits against the state and thus cannot be brought under Section 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989).

The court notes that the plaintiff's complaint states that it is filed on behalf of the plaintiff

1

and "all other similarly situated." (Comp., p. 1) The court will not certify this lawsuit as a class action.  First, the plaintiff is not represented by an attorney, and it appears from the complaint that the plaintiff is not an attorney.  Since absent class members are bound by a judgment whether for or against the class, they are entitled at least to the assurance of competent representation afforded by licensed counsel. Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir.1975); *see also* Ethnic Awareness Organization v. Gagnon, 568 F.Supp. 1186, 1187 (E.D.Wis.1983); Huddleston v. Duckworth, 97 F.R.D. 512, 514-15 (N.D.Ind.1983)(prisoner proceeding pro se not allowed to act as class representative). Second, even lawyers may not act both as class representative and as attorney for the class because that arrangement would eliminate the checks and balances imposed by the ability of the class representatives to monitor the performance of the attorney on behalf of the class members. *See e.g.*, Sweet v. Bermingham, 65 F.R.D. 551, 552 (1975); Graybeal v. American Saving & Loan Ass'n, 59 F.R.D. 7, 13-14 (D.D.C.1973); *see also* Susman v. Lincoln American Corp., 561 F.2d 86, 90 n. 5 (7th Cir.1977), appeal after remand, 587 F.2d 866 (1978), cert. denied, 445 U.S. 942, 100 S.Ct. 1337, 63 L.Ed.2d 775 (1980); Conway v. City of Kenosha, 409 F.Supp. 344, 349 (E.D.Wis.1975)(plaintiff acting both as class representative and as class attorney precludes class certification).

Lastly, the plaintiff was reminded that his motion to proceed in forma pauperis was denied.  The plaintiff was ordered to pay the full filing fee by February 24, 2006.  The plaintiff says he has requested that the fee be paid from his account.  However, the court has not received payment.  The court will allow one brief extension.  The plaintiff is admonished that he is responsible for making sure the payment is made to the clerk of the court.  The payment must be received on or before March 16, 2006.  No extensions will be granted.  If the plaintiff fails to pay the filing fee, his case will be dismissed

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff has adequately alleged for notice pleading purposes that:**
   **a)The defendants violated his Eighth Amendment rights when they were deliberately indifferent to his health and safety and exposed him continuously to second-hand smoke in his cell.**
   **B) Defendant Stegal retaliated against the plaintiff if violation of his First Amendment rights.**
**Both claims are against the defendants in their individual capacities only. This case is filed on behalf of the plaintiff only.  The court will not certify this lawsuit as a class action.**

**2)  All other claims based on federal law, other than those set forth in paragraph (1) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.**

**3)  This case shall proceed solely on those federal claims identified in paragraph one above.  Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by**

**leave of court pursuant to Federal Rule of Civil Procedure 15.**

**4) The court will grant the plaintiff one brief extension to pay the $250 filing fee. The plaintiff must pay the fee on or before March 16, 2006 or his case will be dismissed. No further extensions will be granted.**

**5) A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.**

Entered this 28th day of February, 2005.


**s\Harold A. Baker**
_____

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE