UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CHARLES TAYLOR,
   Plaintiff,

vs.                                                  No. 06-1011

ROGER WALKER , et al.,
   Defendants.

<u>CASE MANAGEMENT ORDER</u>

     This cause is before the court for consideration of the Defendant Kent Stegall's motion for summary judgement. [d/e 62]

I. BACKGROUND

     The plaintiff, Charles Taylor, originally filed his complaint against four defendants pursuant to 42 U.S.C. §1983 claiming that his constitutional rights were violated at the Hill Correctional Center. On February 28, 2006, the court conducted a merit review of the plaintiff's complaint.

     On March 17, 2008 and January 12, 2009, the court granted motions for summary judgement. *See* March 17, 2008 Court Order, January 12, 2009 Court Order. The case was set for pretrial conference on the surviving claim alleging that Defendant Stegal retaliated against the plaintiff in violation of his First Amendment rights.

     Specifically, the plaintiff alleged that he was having problems with inmates smoking near his cell and had repeatedly complained about the second-hand smoke. The plaintiff alleged that when he tried to send a memo to the Warden, Officer Stegal took it and read it. The officer warned the plaintiff that if he tried to file a lawsuit, he would make his life difficult. The plaintiff says shortly afterward, he was fired from his prison job. The plaintiff claimed that Defendant Stegal was responsible for this action.

     Shortly before the pretrial conference, Defendant Stegal filed a motion for leave to file a summary judgement motion. The defendant stated that although he had raised the issue of failure to exhaust administrative remedies as an affirmative defense, he had not presented the issue in previous motions for summary judgement. The defendants attached documentation to their motion suggesting that the plaintiff had never filed an initial grievance concerning Defendant Stegal. During the scheduled hearing, the plaintiff stated that he did file a grievance, but since he felt it had been addressed by the shift commander, he took no further action. *See* January 26, 2009 Minute Entry. The court granted the defendant's motion for leave to file a

summary judgement motion. The defendant has filed his motion and the plaintiff has filed a response.

## II. FACTS

The plaintiff was incarcerated at Hill Correctional Center during the relevant time periods. The plaintiff states he lost his porter job on or about December 20, 2005.

The Chairperson of the Administrative Review Board, Jackie Miller, states that all inmates who wish to file a grievance must follow the written grievance procedures within the Illinois Department of Corrections. (Def. Memo, Miller Aff, p. 1) The formal grievance process begins when the inmate submits a "written grievance on a grievance form to the facility Grievance Officer..." *Id.*

The Record Office Supervisor at Big Muddy River Correctional Center, Ernest Vanzant, says he has reviewed the master file of the plaintiff. (Def. Memo, Van. Aff, p. 1). Vanzant says the master file contains copies of all grievances filed by the plaintiff, and there are no grievances in his file pertaining to Defendant Stegal and the loss of his prison job in December of 2005. *Id.*

In addition, Miller states that she has searched the files of the Administrative Review Board, and the plaintiff did not appeal any grievances to the board concerning the defendant and the loss of his job in December of 2005.

## III. LEGAL STANDARD

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56c. Any discrepancies in the factual record should be evaluated in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

"Summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events. *Johnson v. Cambridge Indus.*, Inc., 325 F.3d 892, 901 (7th Cir. 2000). A party opposing summary judgment bears the burden to respond, not simply by resting on its own pleading but by "set[ting] out specific facts showing a genuine issue for trial." *See* Fed. R. Civ. P. 56(e). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "If

[the nonmovant] does not [meet his burden], summary judgment should, if appropriate, be entered against [the nonmovant]." Fed. R. Civ. P. 56(e).

Affidavits must be based on the personal knowledge of the affiant and "set out *facts* that would be admissible in evidence." Fed. R. Civ. P. 56(e) (emphasis added). Personal knowledge may include inferences and opinions drawn from those facts. *Visser v. Packer Eng. Assoc., Inc.*, 924 F.2d 655, 659 (7th Cir. 1991). "But the inferences and opinions must be grounded in observation or other first-hand personal experience. They must not be based on flights of fancy, speculations, hunches, intuitions or rumors remote from that experience." *Visser*, 924 F.2d at 659.

## IV.  ANALYSIS

The defendant argues that the plaintiff has failed to demonstrate that he has exhausted his administrative remedies as required before filing his lawsuit. The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. §1997e(a).

The Seventh Circuit has taken a strict compliance approach to exhaustion requiring a prisoner to pursue all available administrative remedies and comply with the prison's procedural rules and deadlines. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir.2002) If he fails to do so, his claims will not be considered to be exhausted, but instead forfeited, and he will be barred from filing suit in federal court even if administrative remedies are for practical purposes no longer available to him due to his procedural default. *Id.*

The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e et seq. ("the PLRA"), does not define "availability" for purposes of the exhaustion requirement. Nonetheless, it is clear that a plaintiff's claims cannot be dismissed if "prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809-10 (7th Cir.2006)

The defendant in this case says the plaintiff did not file an initial grievance concerning the claim against him and consequently did not appeal any grievance to the Administrative Review Board.

The plaintiff maintains that he did file a grievance on December 20, 2005 and gave the copy to the unit counselor. The plaintiff makes reference to an "Ex. 1", but there is no such exhibit attached to his brief.    The plaintiff claims the counselor read his grievance, but turned it over to the shift commander since the grievance concerned staff misconduct. (Plain Memo, p. 2).

3

The plaintiff further claims the shift commander spoke to Defendant Stegal who denied the plaintiff's allegations. The plaintiff does not explain how he knew the shift commander had his grievance or that this officer talked to Defendant Stegal or that Defendant Stegal denied the claim. The plaintiff simply states "[w]ith the denial of defendant Stegall and the shift commander's involvement, the grievance procedure was fulfilled. To go any further would have been moot." (Plain Memo, p. 3). The plaintiff says he did his best to bring his grievance to the attention of prison authorities and therefore he has satisfied the exhaustion requirement.

Despite this argument, the plaintiff also claims when he did not get a response to his initial grievance, he filed a second grievance. The plaintiff has attached a document that is a grievance dated January 20, 2006. There is no evidence this grievance was ever submitted or reviewed.

The plaintiff argues that he exhausted all available remedies because no one ever responded to his grievance. The problem with the plaintiff's claims is there is no evidence that either grievance was ever properly filed. And in the question of exhaustion of administrative remedies, the court, not a jury must resolve factual disputes. See *Pavey v. Conley*, 544 F.3d 739 (7th Cir.2008).

The plaintiff has not provided a copy of the initial grievance he claims he filed alleging that Defendant Stegal retaliated against him. The court notes the plaintiff did attach documentation to his complaint including three grievances. In each grievance, the plaintiff complains only about his problems concerning second-hand smoke. The plaintiff received a response to his grievances. However, this claim was dismissed on summary judgement motion.

The plaintiff's only evidence is his claim that he gave a grievance to a counselor, but it was turned over to the shift commander "because the grievance involved staff misconduct." (Plain. Memo, p. 2). This claim makes little sense to the court since grievances routinely involve allegations of staff misconduct and are routinely handled through the grievance process. The court notes that this plaintiff is an experienced litigator who is familiar with the grievance process. *See Taylor v Lane,* Case No. 87-2235 in the Central District of Illinois; *Taylor v Spiller,* Case No. 89-3478 in the Southern District of Illinois; and *Taylor v Godinez,* Case No. 92-2946 and *Taylor v Roth* Case No. 90-5185 in the Northern District of Illinois.

Even if the court were to assume the plaintiff did file an initial grievance, the plaintiff admits that once Defendant Stegall denied the allegation, he felt " the grievance procedure was fulfilled. To go any further would have been moot." (Plain Memo, p. 3). The plaintiff is aware that he must appeal any grievances as he has done in the past. The plaintiff has not demostrated that he exhausted his administrative remedies as required.

**ITS IS THEREFORE ORDERED that:**

**1) The defendant's motion for summary judgement is granted pursuant to Fed. R. Civ. P. 56. [d/e 62]   The clerk of the court is directed to enter judgment in favor of the defendant in accordance with this order.  The parties are to bear their own costs.  This case is terminated.**

**2) If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a)(4).  A motion for leave to appeal** *in forma pauperis* **should set forth the issues the plaintiff plans to present on appeal.  See Fed. R. App. P. 24(a)(1)(C).  If the plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal.  Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another strike under 28 U.S.C. 1915(g).**

**3) The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available.  If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $350.00.**

**4) The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such a change.  Release from incarceration does not relieve the plaintiff of his obligation to pay the filing fee in full.**

**5) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

Entered this 18th day of March, 2009.

s\Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE